IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY LITTLEFIELD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: _____ |
| SOUTHERN ENVIRONMENTAL ) | |
| SERVICES, INC., F. THOMAS ) | |
| WASSON, and ANDREW FRANCIA ) | |
| ) | |
| Defendants. ) | JURY TRIAL REQUESTED |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Jeffrey Littlefield, and files this lawsuit against Defendants Southern Environmental Services, Inc., F. Thomas Wasson and Andrew Francia (hereinafter collectively "Defendants"), and shows the following:

**I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

*seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Southern Environmental Services, Inc. (hereinafter "Southern Environmental") is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location, 1959 Triad Court, Marietta, Georgia, 30062.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## III. Parties

### *Plaintiff*

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Plaintiff was employed as a heavy equipment operator by Defendants during the three years prior to the filing of this lawsuit.

*Defendants*

8.

Defendant Southern Environmental Services, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Herbert Gray III, 229 Peachtree Street, Suite 2400, Atlanta, Georgia, 30305.

9.

Defendant F. Thomas Wasson may be served with process by delivering a copy of the summons and complaint to his office address at 1959 Triad Court, Suite 12, Marietta, Georgia, 30062.

10.

Defendant Andrew Francia may be served with process by delivering a copy of the summons and complaint to his home address at 3770 Atlanta Road, Smyrna, Georgia 30080.

### IV. Factual Allegations

11.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C.

§203(e)) for Defendants.

12.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

13.

Defendants employed the named Plaintiff during the relevant time period.

14.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

15.

Upon information and belief, Defendant Southern Environmental is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant F. Thomas Wasson is the CEO of Southern Environmental.

17.

Defendant Drew Francia is the CEO of D & D Destruction Services, Inc.

(hereinafter "D & D Destruction Services, Inc.")

18.

D & D Destruction Services LLC is not registered on the Georgia Secretary of State's website as a legal entity and upon information and belief, Defendant Francia is an alter-ego for D&D Destruction Services LLC.

19.

Defendants Wasson and Francia had discretion over Plaintiff's working hours and overtime compensation.

20.

Defendant Wasson acts both directly and indirectly in the interest of Southern Environmental and was in a supervisory position over Plaintiff.

21.

Defendant Francia acts both directly and indirectly in the interest of D&D Destruction and was in a supervisory position over Plaintiff.

22.

Southern Environmental Services, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendant Wasson is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

24.

Defendant Francia is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

25.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

26.

Plaintiff was hired in May 2012 by Defendant Francia as a Heavy Equipment Operator.

27.

Plaintiff used equipment owned by Southern Environmental and worked only on sites being managed by Southern Environmental.

28.

Defendant Southern Environmental paid Defendant Francia who in turn paid Plaintiff for work performed.

29.

Plaintiff worked an average of 60 hours per week and was supposed to earn $15-17 per hour for the first 40 hours per week plus time and half for all hours over 40 per week.

30.

Plaintiff was sometimes paid straight time for some of his overtime hours, but was often not paid any overtime premium for hours over 40 per week.

31.

Plaintiff's regular schedule was 7am until 5:30pm six days per week.

32.

Plaintiff's paycheck was short almost every week between 8 and 25 hours.

33.

Plaintiff also illegally had time deducted from his paychecks for breaks that he worked through.

34.

Plaintiff resigned in February 2016.

### V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

35.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

36.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to

recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 19th day of September, 2016.

              **THE SHARMAN LAW FIRM LLC**

              */s/ Paul J. Sharman*
              PAUL J. SHARMAN
              Georgia State Bar No. 227207

              The Sharman Law Firm LLC
              11175 Cicero Drive, Suite 100
              Alpharetta, GA 30022
              Phone: (678) 242-5297

Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff